IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re SAMUEL ANDERSON

No. C 13-04278 YGR (PR)

**ORDER OF DISMISSAL**

_____/

      This action was opened on September 16, 2013, when the Court received from Plaintiff Samuel Anderson, who is currently incarcerated at California State Prison - Los Angeles County (CSP-LAC), a letter addressed to Special Master John Hagar.  (Docket No. 1.)

      In this action, the Clerk of the Court opened a case file, sent out a notice that Plaintiff had not filed a complaint, and cautioned that the action would be dismissed if he did not submit a complaint within twenty-eight days.  The Clerk also sent out a notice that this action was deficient due to Plaintiff's failure to pay the filing fee or furnish a completed and signed Court-approved *in forma pauperis* application, and cautioned that the action would be dismissed if he did not pay the fee or file the application within twenty-eight days.

      On September 27, 2013, Plaintiff filed with the Court a letter stating that he did not intend to file a civil action but to complain about the "problems" he has been having with the "B-Yard librarian about making copies of so many pages and exhibits."  (Docket No. 4.)  Plaintiff requests for a "'Court Order' for physical access to B-Yards law library, and also that Court Order should state how many copies are to be made because [he has] over 300 pages with evidence to be copied. "  (*Id.*) In addition, Plaintiff requests for the Court Order to grant him "corrections tape" because the librarian "feels that corrections tape is not a material needed to correct mistakes . . . ."  (*Id.*)  Such requests are DENIED because Plaintiff has not shown a sufficient reason for this Court to interfere in the day-to-day operations of the prison.  *See Turner v. Safley*, 482 U.S. 78, 84-86 (1987); *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations in name of constitution).  In any event, should Plaintiff seek to allege any further claims challenging the conditions of his confinement at CSP-LAC, those claims must be

brought in a separate lawsuit in the Western Division of the United States District Court for the Central District of California, the proper venue for claims arising in Los Angeles County, where CSP-LAC is located. *See* 28 U.S.C. § 1391(b); 28 U.S.C. § 84.

In light of Plaintiff's explanation that the letter he sent to Special Master Hagar was not intended to commence a new action, this action is DISMISSED as opened in error. No filing fee is due. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED:  November 26, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**